## MORGAN et al. v. UNITED STATES.
### Civ. No. 2958.

United States District Court
N. D. Texas, Dallas Division.
Oct. 28, 1948.

W. R. Herring, of Dallas, Tex., for plaintiffs.

William P. Fonville, Asst. U. S. District Atty., of Dallas, Tex., for defendant.

ATWELL, Chief Judge.

Plaintiff and his wife sue for a few hundred dollars' return to them because disallowed by the Collector of Internal Revenue as a reduction of their income tax.

They resided in Oak Cliff, a part of metropolitan Dallas. The husband worked at the North American Aviation Company as a foreman. The wife worked as an employee at the Guiberson plant which was another war activity.

She claims that she was required to wear slacks and that their original cost and the laundering of the same, was an expense that should have been allowed her as a tax-payer.

He claims that the plant at which he worked was eleven miles from their home and that it was necessary to go and come in an automobile. That such trips were made daily. That he was required to purchase a long, white coat, upon which there was the word, "Foreman," and the name of the company of which he was an employee. That he had to buy a pair of safety shoes which had a metal protection to save his feet from anything that might fall upon them. That he sometimes worked overtime, and that it would, therefore, be necessary for him to go outside and get his meals and that that expense should be allowed him.

There was a rather lengthy list of the little expenses, such as the laundry of the long coat, washing of the car, and the price of the oil and gasoline which went into it.

The tax that was paid on the gasoline should be allowed. The purchase price of the coat and the shoes should be allowed. The purchase price of the slacks should be allowed. These total $51.00 after recomputing the tax and deducting such amount as legally should be deducted, there remains a total recovery for the plaintiffs of $22.84. All other claims are disallowed. See Commissioner v. Flowers, 326 U.S. 465, 66 S.Ct. 250, 90 L.Ed. 203.

Even though it were not necessary to disallow them because of the law, they should be disallowed because the plaintiffs had kept no memorandum of the little expenditures and their testimony was made up of estimates and the use of the phrase, "I imagine," would amount to so and so. There is no definite proof.